USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/29/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

TRUSTEES OF THE NEW YORK CITY DISTRICT :
COUNCIL OF CARPENTERS PENSION FUND, :
WELFARE FUND, ANNUITY FUND, :
APPRENTICESHIP, JOURNEYMAN, RETRAINING, :
EDUCATIONAL and INDUSTRY FUND, et al., :
:
                               Petitioners, :
:
             -v- :
:
MOUNTAINTOP CABINET :
MANUFACTURER CORP., :
:
                          Respondent. :
:
------------------------------------------------------------------X

11 Civ. 8075 (JMF)

MEMORANDUM
OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

      On November 9, 2011, Petitioners commenced this action, petitioning the Court pursuant

to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. § 1132(a)(3), Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C.

§ 185, and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, to confirm an arbitration

award (the "Award") issued against Respondent Mountaintop Cabinet Manufacturer

Corporation ("Mountaintop"). In its petition, Petitioners also seek attorney's fees and costs.

(Pet. at 5). The petition was served on Respondent on November 14, 2011. (Docket No. 3). To

date, Mountaintop has neither responded to Petitioner's confirmation action nor otherwise sought

relief from the Award. For the reasons stated below, the Award is CONFIRMED and

Petitioners' requests for attorney's fees is GRANTED.

## BACKGROUND

Petitioner Trustees of the New York City District Council of Carpenters Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Fund (the "ERISA Trustees") are employer and employee trustees of multi-employer labor management trust funds organized and operated pursuant to ERISA.  (Pet. ¶ 4).  Petitioner Trustees of the New York City District Council of Carpenters Charity Fund (the "Charity Trustees") are trustees of a charitable organization established under section 501 (c)(3) of the Internal Revenue Code, 26 U.S.C. § 50l(c)(3).  (*Id.* ¶ 5).[1]  The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") is a labor organization and the certified bargaining representative for certain employees of Mountaintop.  (*Id.* ¶ 6). Petitioner New York City and Vicinity Carpenters Labor-Management Corporation is a New York not-for-profit corporation.  (*Id.* ¶ 7).

On July 1, 2007, the Manufacturing Woodworkers Association of Greater New York, Inc., of which Mountaintop is a member, entered into a Collective Bargaining Agreement ("CBA") with the Union.  (Epstein Decl. Ex. A; *see also* Pet. ¶ 1).  The CBA granted Petitioners the right to demand access to Mountaintop's payroll and wage records in order to conduct an audit to ensure that Mountaintop was making the benefit fund contributions as required under the CBA.  (Epstein Decl. Ex. A, Art. X § 8).[2]  Petitioners requested access to Mountaintop's books

---

[1]     Collectively, the ERISA Trustees and the Charity Trustees are referred to as the "Trustees."

[2]     Section 8 of the CBA reads in full: "The Trustees shall have the authority to have an audit of the payroll and wage records of the Employer for the purpose of determining the accuracy of contributions to the Funds, and failure to make proper and timely contributions hereunder may subject the Employer to the procedures set forth herein for collecting delinquencies.  All Employer's books and payroll records shall be made available at all times

and records to conduct an audit, but Mountaintop did not comply. (Pet. ¶ 12). Pursuant to an arbitration clause in the CBA, the dispute was submitted to binding arbitration in front of Roger Maher, the duly designated impartial arbitrator. (Pet. ¶ 13; *see also* Epstein Decl. Ex. A, Art. XIV § 1).

On October 4, 2011, Arbitrator Maher held a hearing to adjudicate the dispute between the parties. (Epstein Decl. Ex. B at 1). Mountaintop was notified of the proceeding and the claims against it, but neither appeared at the hearing nor requested an adjournment. (*Id.* at 2). The arbitrator found Mountaintop to be in default and proceeded to hear evidence on the Petitioners' claims. After examining the evidence, the arbitrator found that Mountaintop had violated the CBA by failing to give Petitioners access to its books and records for the purpose of conducting an audit. (*Id.* at 3). On October 5, 2011, Arbitrator Maher issued his Award, finding in favor of Petitioners. The Award required Mountaintop to produce "forthwith" to Petitioners "any and all books and records specifically cash disbursement section of the cash book, general ledger, job location records, daily location records, daily time records and all certified payrolls for the audit period," January 1, 2010, through October 5, 2011. (*Id.* at 3). The Award also required Mountaintop to pay the costs that Petitioners incurred in pursuing the matter in the amount of $2,350.00, which represented $1,500.00 in attorney's fees, a $500.00 arbitrator fee, and $350.00 in court fees. (*Id.*). Thereafter, Mountaintop did not comply with the terms of the Award. (Pet. ¶ 17).

On November 9, 2011, Petitioners filed a petition with this Court seeking: (1) confirmation of Arbitrator Maher's Award; (2) an order directing Respondent and its officers to make available to the Petitioners or their authorized representatives any and all books and

---

upon the demand of the Trustees of the said Funds for audit and inspection by a representative of the said Trustees during all reasonable business hours." (Epstein Decl. Ex. A, Art. X § 8).

records deemed necessary to conduct an audit, including but not limited to the cash disbursement section of the cash book, general ledger, job location records, daily time records, and all certified payrolls for the period of January 1, 2010, through October 5, 2011; (3) judgment against the Respondent in the liquidated amount of $2,350.00 pursuant to the arbitrator's Award; and (4) an award of attorney's fees and costs arising out of the confirmation proceedings in the amount of $1,483.30. (Pet. at ¶ 4-5). As noted above, the petition was served on Mountaintop on November 14, 2011. (Docket No. 3). Mountaintop neither responded to the petition nor separately brought a motion to vacate, modify, or correct the Award. (Docket No. 4). On May 11, 2012, this Court issued an order granting the parties the opportunity to file additional materials related to the Petition. (Docket No. 10). The Trustees served a copy of that order on Mountaintop on May 23, 2012. (Docket No. 12). On the same day, Petitioners submitted additional materials to the Court, supplementing its previous submission. (Docket No. 11). Mountaintop has submitted nothing.

## DISCUSSION

### A. Applicable Law

"It is well established that courts must grant an [arbitrator's] decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). Accordingly, the confirmation of an arbitration award generally is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)) (internal quotation marks omitted). "Only a 'barely colorable justification for the outcome reached' by the arbitrators" is required to confirm an award on a

4

timely petition to confirm. *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

"[T]he federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes," *Supreme Oil Co., Inc. v. Abondolo*, 568 F. Supp. 2d 401, 406 (S.D.N.Y. 2008), and judicial review of an arbitration award under Section 301 of the LMRA, 29 U.S.C. § 185, is "extremely deferential," *id.* at 405.  Under the LMRA, an arbitration award should be upheld as long as it "draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's 'own brand of industrial justice.'" *Beth Israel Med. Ctr. v. 1199/S.E.I.U. United Healthcare Workers E.*, 530 F. Supp. 2d 610, 614 (S.D.N.Y. 2008) (quoting *Int'l Bhd. of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp.*, 143 F.3d 704, 714 (2d Cir. 1998)).  "Even if the Court is convinced that the arbitrator 'committed serious error,' the award should not be vacated so long as the arbitrator is 'even arguably construing or applying the contract and acting within the scope of his authority.'" *Abondolo*, 568 F. Supp. 2d at 405 (quoting *United Paperworkers Int'l v. Misco*, 484 U.S. 29, 38-39 (1987)); *see also* 9 U.S.C. § 10(a) (identifying the limited bases for vacating arbitration awards).  Courts have shown similar judicial restraint regarding arbitration awards under ERISA.  *See, e.g.*, *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. SDS Labor, Inc.*, 11 Civ. 6267 (DLC), 2011 WL 6181351, at *2-3 (S.D.N.Y. Dec. 13, 2011); *Mason Tenders Dist. Council of Greater New York & Long Island v. Circle Interior Demolition, Inc.*, 07 Civ. 11227 (RMB) (THK), 2009 WL 5061744 at *1, *5 (S.D.N.Y. Dec. 22, 2009) (Berman, D.J., adopting the Report and Recommendation of Katz, M.J.).

Because a petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions," where the non-movant has failed to

respond to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair*, 462 F.3d at 109-10 (citation omitted). Notwithstanding the extreme deference that a court must pay to an arbitrator's decision, even unopposed petitions to confirm awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks omitted).

## B.  Analysis

### 1.  The Award

Applying the foregoing principles, Petitioners have met their burden of demonstrating that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id.* at 110.  Although Mountaintop did not participate in the arbitration proceedings, the arbitrator stated that Mountaintop was properly served with notice of the arbitration.  (Epstein Decl. Ex. B at 2).  Further, prior to issuing his Award, the arbitrator reviewed the CBA and its grievance and arbitration procedures, as well as the other materials provided by the Trustees.  (*See id.* at 2 (noting that the arbitrator "hear[d] the testimony and [took] evidence on the claims of the Petitioners")).  Based on the evidence presented, the arbitrator determined that Mountaintop had violated the CBA by withholding its records and books, precluding Petitioners' audit.  (*Id.* at 3).  The Award clearly draws its essence from the Agreement, which requires, among other things, the Union "to have an audit of the payroll and wage records of the Employer for the purpose of determining the accuracy of contributions to the Funds," and also provides that "failure to make proper and timely contributions hereunder may

subject the Employer to the procedures set forth herein for collecting delinquencies." (Epstein Decl. Ex. A, Art. X § 8).

Moreover, the arbitrator appropriately awarded attorney's fees and costs in the liquidated amount of $2,350.00 to Petitioners. As noted, the Agreement provided for arbitration of "any claim arising from payments to the Fund of principal and/or interest which is allegedly due," and provided that the "cost of the arbitration, including the fees to be paid to the arbitrator shall be included in the award and shall be borne by the losing party." (Epstein Decl. Ex. A, Art. X § 12(a)-(b)). The Agreement further provided that the "arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to fashion an appropriate remedy including, but not limited to, monetary damages." (*Id.* at § 12(b)). *See also N.Y.C. Dist. Council of Carpenters Pension Fund v. McIntosh Interiors, LLC*, No. 10 Civ. 2243 (RMB), 2010 WL 3001907, at *2-3 (S.D.N.Y. July 20, 2010) (construing similar language in a CBA and upholding award of $2,350.00 in costs, arbitrator's fees, and attorney's fees).

Although Petitioners have not presented this Court with copies of all the materials on which the arbitrator relied, there is no reason to doubt the arbitrator's interpretation of those materials. Further, and in any event, "[c]ourts are not authorized to review [an] arbitrator's decision on the merits [even in the face of] allegations" — which have not been made in this case — "that the decision rests on factual errors or misinterprets the parties' agreement." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc.*, No. 11 Civ. 3015 (RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (alteration in original) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)) (internal quotation marks omitted). Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the

award upon the timely application of any party. *See, e.g.*, *In re Arbitration between Gen. Sec. Nat. Ins. Co. and AequiCap Program Adm'rs*, 785 F. Supp. 2d 411, 416-17 (S.D.N.Y. 2011). Accordingly, the arbitrator's decision is confirmed in its entirety.

### 2.   Attorney's Fees

Petitioner also requests an additional award of an award of $1,046.00 in attorney's fees and $437.30 in costs incurred in connection with this litigation.  Ordinarily, attorney's fees cannot be recovered in a federal action in the absence of statutory authority, and neither Section 301 of the LMRA nor the Federal Arbitration Act provides for attorney's fees in actions to confirm an arbitration award.  *See, e.g.*, *N.Y.C. Dist. Council of Carpenters Pension Fund v. Angel Constr. Grp., LLC*, No. 08 Civ. 9061(RJS), 2009 WL 256009, at *2 (S.D.N.Y. Feb. 03, 2009) (citing *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)).  Although section 502(g) of ERISA permits plaintiffs to recover their reasonable attorney's fees and costs in association with successful actions to recover delinquent contributions, *see* 29 U.S.C. § 1132(g)(2)(D), this does not necessarily mean that a successful party is also entitled to its costs and attorney's fees in bringing a petition to confirm an arbitration award, particularly one that does not direct a party to pay delinquent contributions. *See, e.g.*, *Abondolo v. Jerry WWHS Co., Inc.*, 829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011) (noting that courts routinely make awards for *costs* pursuant to ERISA in confirmation proceedings, but that an award for *attorney's fees* requires additional statutory authority or a showing of bad faith).

A court may, however, exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith.  *See Angel Constr. Grp., LLC*, 2009 WL 256009, at *2. In confirmation proceedings, "the guiding principle has been stated as follows: when a

challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id.* (quoting Int'l Chem. Workers Union, 774 F2d at 47) (internal quotation marks omitted); *see also, e.g.*, *Dist. Council No. 9 v. All Phase Mirror & Glass*, No. 03 Civ. 0219 (KNF), 2006 WL 1493112, at *2 (S.D.N.Y. May 26, 2006) (noting that "when a party fails to abide by an arbitrator's determination without justification, such as the defendants did in the instant case, attorney's fees may be awarded").  Here, Mountaintop agreed to submit all disputes governed by the terms of the CBA to binding arbitration (Epstein Decl. Ex. A, Art. XIV § 1), yet without justification failed to appear in both the arbitration proceedings and the confirmation proceedings.  Moreover, Mountaintop has not shown any cause for its failure to abide by the arbitrator's Award; indeed, it has not even appeared in this action.  Accordingly, attorney's fees are appropriate. *See, e.g.*, *Abondolo v. H. & M. S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) ("[C]ourts have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.").

In determining appropriate attorney's fees, district courts use the "lodestar method," in which the number of hours reasonably expended is multiplied by a reasonable hourly rate. *See, e.g.*, *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam).  An attorney's hourly rate is considered reasonable when it is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Trs. of the Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund v. Stevenson Contracting Corp.*, No. 05 Civ. 5546 (GBD) (DF), 2008 WL 3155122, at *9 (S.D.N.Y. June 19, 2008) (alteration in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)) (internal quotation marks

9

omitted).  When an attorney's requested hourly rate is higher than rates found to be reasonable in

the relevant market, the court has discretion to reduce the rate.  *See id.* (citing *Savino v.*

*Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998)).

In the present case, Petitioners seek to recover $1,046.00 in attorney's fees and $437.30

in costs.  (Epstein Decl. Ex. A ¶¶ 20-21).  The fees are based on a rate of $200 per hour for the

attorney who worked on the case (a 2010 law school graduate), and $90 per hour for each of the

two legal assistants who worked on this case.  (*Id.* ¶¶ 15-19).  The Court finds that the $200 per

hour rate for the lawyer is reasonable for this district, *see Trs. of the Mason Tenders*, 2008 WL

3155122, at *11 (noting, in 2008, that rates of $165 per hour and $200 per hour in

LMRA/ERISA case were "close to, although slightly higher than," rates that had been found

reasonable for attorneys with one to two years of experience); *Trs. of the E. States Health and*

*Welfare Fund v. Crystal Art Corp.*, No. 00 Civ. 0887 (NRB), 2004 WL 1118245, at *6 (S.D.N.Y.

May 19, 2004) (noting, in 2004, that rates of $180 to $200 per hour in ERISA case had been

found to be reasonable for attorneys with four to six years of experience), as is the rate of $90.00

per hour for the legal assistants.  *See, e.g.*, *Sheehan v. Metropolitan Life Ins. Co.*, 450 F. Supp. 2d

321, 328 (S.D.N.Y. 2006) (accepting the claimed $150 hourly rate for paralegals and employees

in an ERISA action); *Trs. of the Mason Tenders*, 2008 WL 3155122, at *11 (accepting rates of

$140 and $150 per hour for legal assistants, for work performed on ERISA matter).

## CONCLUSION

For the reasons set forth above, the arbitration Award is CONFIRMED.  Petitioners'

request for attorney's fees and costs (Docket No. 11) is GRANTED.  Respondent is ordered to

produce any and all records and books necessary to conduct an audit for the period from January

1, 2010, to the date of the Award, October 5, 2011.  In addition, the Clerk of Court shall enter

judgment for the Petitioner for the sum of $2,350.00, plus the attorney's fees and costs for this

confirmation proceeding in the amount of $1,483.30.

The Clerk of Court is directed to close the case.


SO ORDERED.

Dated:  August 29, 2012
        New York, New York


                                        _____
                                        JESSE M. FURMAN
                                        United States District Judge

11